JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ninehouser, Joseph

**DEFENDANTS**

Lower Allen Township d/b/a Lower Allen Township Police and Read, Jeremy

**(b)** County of Residence of First Listed Plaintiff    Cumberland County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Cumberland
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Paul C. Siegrist, Esq. Stone, Wiley & Linsenbach, P.C.
3 N. Baltimore St. Dillsburg, PA 17019 (717)432-2089

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983

Brief description of cause:
Fourth and Fourteenth Amendments to US Constitution

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
09-18-2023

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG PA

OCT 6 ...

PER_____
DEPUTY CLERK

JOSEPH A. NINEHOUSER,          :
            PLAINTIFF        :   CIVIL ACTION
                         :
            v.              :   DOCKET NO. 1:23-CV-1639
                         :
JEREMY READ, individually and    :              Judge Kane
in his official capacity as an officer for  :
Lower Allen Township Police Department;  :
                         :   JURY TRIAL DEMANDED
LOWER ALLEN TOWNSHIP d/b/a       :
Lower Allen Police Department,    :
            DEFENDANTS       :

---

## COMPLAINT

---

      **AND NOW** comes the Plaintiff, Joseph A. Ninehouser, by and through his undersigned

counsel, Paul C. Siegrist, Esquire and the law firm of Stone Wiley & Linsenbach, PC, and avers

as follows:

### JURISDICTION AND VENUE

1. This action is brough pursuant to U.S.C. § 1983.

2. Jurisdiction is founded upon 28 U.S.C. § 1331, 1343 and 1367.

3. Venue is proper in this Court, as all parties are located within the Middle District of

    Pennsylvania, and the cause of action arose in the Middle District of Pennsylvania.

### PARTIES

4. Plaintiff, Jospeh A. Ninehouser (hereinafter, "Joe"), is an adult individual, who lives in

    Mechanicsburg, Cumberland County, Pennsylvania.

5. Defendant, Jeremy Read, (hereinafter, "Defendant Read"), is an adult individual, who,

during all relevant times, was employed by the Lower Allen Township Police
Department, as a police officer. All of Defendant Read's actions or inactions were taken
under color of state law.

6. Defendant, Lower Allen Township, a first-class township and a municipal corporation
(hereinafter the "Defendant Township") has a principal address of 2233 Gettysburg Road,
Camp Hill, PA 17011.  The Township owns and operates Lower Allen Township Police
Department also located at 2233 Gettysburg Road, Camp Hill, PA 17011.

7. Lower Allen Township Police is a full-service police department which operates 24 hours
a day, seven days a week with its compliment of twenty-four sworn officers.

## MATERIAL FACTS

8. On August 10, 2023, while on duty, Defendant Read was driving south bound on Wesley
Drive in Lower Allen Township's jurisdiction.

9. Defendant Read observed a black Dodge Ram pickup truck execute a left turn onto
Wilson Lane "slower than average" and began following the truck.

10. Defendant Read observed the truck cross over a double yellow line and make a wide turn
and initiated a traffic stop by activating his lights and siren.

11. The truck pulled into the parking lot of Sun Guild apartments and parked in front of an
entry to a walkway.

12. Defendant Read's body camera became active upon entering the parking lot.

13. The driver, Jospeh Ninehouser, opened the driver-side door and put his left foot out.

14. Defendant Read shouted "stay in the car" then "close the door".

15. Joe responded to Defendant Read by saying "What?"

16. As Joe stepped out of his truck, Defendant Read yelled "Stay in the car and close the

door" and pointed his service pistol at Joe.

17. Joe asked Defendant Read "Why?"

18. Joe closed the door to his truck and Defendant Read shouted for Joe to go back to his car.

19. Joe casually walked towards the apartments with is back to Defendant Read.

20. Defendant Read holstered his pistol and drew his taser and ordered Joe to stop and put his hands in the air.

21.  Joe, obeying his command, stopped walking and turned toward Defendant Read and placed the keys to his vehicle on top of a wall and raised in hands.

22. Defendant Read then says "hands on your head."

23. Joe with his hands still raised and facing Defendant Read tried to speak to Defendant Read respectfully by saying "Sir", but is interrupted by Defendant Read who demanded he put his hands on his head and again threatened to tase Joe.

24. Joe calmly and slowly lowered his hands which were raised down onto his head.

25. Then Defendant Read asked Joe to turn around by screaming "turn around, turn around".

26. About 1 second after asking him to turn around, Defendant Read discharges his taser into the lower chest area of Joe while his hands were on his head.

27. At all times Joe was never aggressive nor combative.

28. Joe did not make any furtive movements and maintained a clam demeanor.

29. At all relevant times, Joe was not under arrest.

30. After the taser prongs stuck into Joe, Joe tried to keep his hands on his head, but Defendant Read activated the electrical charge and began shocking Joe.

31. Due to the pain Jope suffered, he removed his hands from his head and reached toward his stomach where he was being shocked.

32. Defendant Read demanded Joe keep his hands on his head, and Joe complied.

33. Defendant Read then orders Joe to turn around and Joe responds "My hands are on my head sir".

34. Defendant Read demanded that Joe lie on the ground on his stomach.

35. Joe attempted to comply, but the taser prong was stuck in his belly. Laying on his stomach increased the pain he was experiencing.

36. Joe positioned himself into a 'push-up' position keeping his stomach raised off the ground.

37. Defendant Read continued to scream at Joe to lie on the ground in a position that would require Joe's stomach to lay flat.

38. Attempting to comply Joe reached to pull out the taser prong, but Defendant Read order Joe to not reach towards his stomach.

39. Joe ultimately laid flat on the ground and endured more pain and the weight of his body caused the taser prong to impale him deeper.

40. Joe was not arrested until after the above-stated events.

**COUNT I**
**Plaintiff v. Defendant Read**
**4th Amendment (Excessive Force)**
**Pursuant to 42 U.S.C. § 1983**

41. Excessive force claims against police officers are analyzed under the Fourth Amendment's objective reasonableness standard. See Graham v. Connor, 490 U.S. 386, 388 (1989).

42. To state a claim for excessive force under the Fourth Amendment, a Plaintiff must show that a seizure occurred and that it was objectively unreasonable. See Curley v. Klem, 499 F.3d 199, 203 (3d Cir. 2007).

43. The test of Fourth Amendment reasonableness of force used during a seizure is whether, under the totality of the circumstances, an officer's actions are objectively reasonable in light of facts and circumstances confronting him, without regard to his underlying intent or motivations. See Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004); Graham, 490 U.S. at 397.

44. Defendant Read used physical force against Joe by electrocuting him with a taser.

45. Defendant Read did not enjoy a lawful privilege to use force against Joe, because Joe was not under arrest, but instead was only detained.

46. Defendant Read did not have lawful privilege to use force against Joe because Joe did not present as a physical threat to the Officer or to others.

47. Even if it is determined that Defendant Read was entitled to use force against Joe, the force used was excessive and unlawful, in that it was largely intended to cause physical pain and injury in response to Joe not responding fast enough to Defendant Read's commands.

48. As a direct and proximate result of Defendant Read's conduct, Joe suffered and will continue to suffer embarrassment, humiliation, physical and psychological harm, pain and suffering, and financial harm, some or all of which may be permanent.

**COUNT II**
**Plaintiff v. Defendant Read**
**Fourth and Fourteenth Amendments—Malicious Prosecution**
**Pursuant to 42 U.S.C. § 1983**

49. To prevail on a Section 1983 malicious prosecution claim, a Plaintiff must establish that: (1) Defendants initiated a criminal proceeding; (2) the criminal proceeding ended in Plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) Defendants acted maliciously or for a purpose other than bringing plaintiffs to justice; and (5)

Plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. See DiBella v. Borough of Beachwood, 407 F.3d 599 (3d Cir. 2005).

50. A police officer may be held to have "initiated" a criminal proceeding if he knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion. See Reed v. City of Chicago, 77 F.3d 1049, 1054 (7th Cir. 1996).

51. Here, Defendant Read improperly charged Joe with Resisting Arrest and attempted to bias the prosecutor by including a false statement in the Police Criminal Complaint, i.e., "with the intent on preventing a public servant, namely Corporal Jeremy Read, from effecting a lawful arrest/discharging of duty, [Joe] did create a substantial risk of bodily injury to [Defendant Read] . . . requiring substantial force to overcome resistance."

52. Defendant Read failed to inform the prosecutor that Joe was not under arrest when he discharged his taser.

53. Defendant Read failed to inform the prosecutor that Joe was complying with his commands when he was tased.

54. Defendant Read lacked probable cause to charge Joe with Resisting Arrest under Section 5104 of the Crimes Code.

55. The charge of resisting arrest was dismissed in Joe's favor at the preliminary hearing.

56. Joe was charged with Resisting Arrest for the purpose of justifying Defendant Read's excessive use of force rather than to bring Joe to justice.

57. As a direct and proximate result of the Defendants' conduct, Joe suffered, and will continue to suffer, embarrassment, humiliation, physical and psychological harm, pain and suffering, and financial harm, some or all of which may be permanent.

58. As a direct and proximate result of the Defendant's conduct, Joe has incurred attorneys'
fees and other costs associated with his defense.

**COUNT III**
**Plaintiff v. Defendant Lower Allen Township**
**d/b/a Lower Allen Township Police Department**
**Fourth and Fourteenth Amendments—Supervisory Liability**
**Pursuant to 42 U.S.C. § 1983**

59. The International Association of Chiefs of Police ("IACP") have developed model law
enforcement policies, establishing minimum industry standards – the level of
professionalism that law enforcement agencies should achieve.

60. In Pennsylvania, chiefs of police and law enforcement, associated with the Commission
on Accreditation for Law Enforcement ("CALEA") and/or The Pennsylvania Law
Enforcement Accreditation Program ("PLEAC") have developed model law enforcement
policies, establishing minimum industry standards.

61. Defendant Township knowingly failed to maintain policies, practices, and training that
meet the minimum accreditation standards set by IACP, PLEAC, CALEA, or similar type
accrediting organizations.

62. The Municipal Police Officers' Education and Training Commission ("MPOETC"),
develops the minimum required training program for municipal police officers – Act 120
(certification) and Act 180 (annual update training).

63. Merely sending a police officer to training, however, does not satisfy the training
obligations.

64. Rather, the Defendant Township., and not MPOETC, remain responsible for ensuring
that their respective police officers are properly trained, remain properly trained, and act
in accordance with said training.

65. Regardless, Defendant Read's conduct did not comport with MPOETC training standards.

66. The Defendant Township maintained policies, practices, and customs, which were the moving force that resulted in Joe's constitutional rights being violated.

67. The Defendant Township failed to implement the policies identified herein.

68. It is believed that discovery will reveal, and therefore averred, that Defendant Township failed to implement a policy, enforce a policy, or train officers, on the Fourth or Fourteenth Amendments to the U.S. Constitution.

69. It is believed that discovery will reveal, and therefore averred, that Defendant Township failed to implement an effective process to ensure that policies and training are followed by its law enforcement personnel.

70. It is believed that discovery will reveal, and therefore averred, that when it has been determined that officers have violated the constitutional or statutory rights of persons, or when officers have been named in citizen complaints, or when the Defendant Township has settled civil lawsuits, the Defendant Township has not required officers to receive corrective or additional training.

71. It is believed that discovery will reveal, and therefore averred, that the Defendant Township did not follow its internal affairs policy and investigate, discipline, or retrain Defendant Read for the conduct discussed in this Complaint.

## COUNT IV
### Plaintiff v. Defendant Read
### Assault
### Pursuant to Pennsylvania Common law

72. Assault is an intentional attempt to cause physical injury to another. See Renk v. City of
Pittsburgh, 641 A.2d 289, 293 (Pa. 1994).

73. Defendant Read committed assault against Joe when he engaged in conduct that placed
him in fear that he would be subjected to violence and physical injury.

74. Defendant Read did not enjoy a privilege to use force against Joe.

75. Joe did not consent to force being used against him.

76. Defendant Read engaged in willful misconduct.

77. Pursuant to 42 Pa. Cons. Stat. Ann. § 8550, which abolishes immunity for willful
misconduct engaged in by local agency employees, Defendant Read is not immune from
suit.

78. As a direct and proximate result of the Defendant's conduct, Joe suffered, and will
continue to suffer, embarrassment, humiliation, physical and psychological harm, pain
and suffering, and financial harm, some or all of which may be permanent.

79. As a direct and proximate result of the Defendant's conduct, Joe has incurred attorneys'
fees and other costs associated with his defense.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor as
follows:

A. **Declaratory Judgment:** Providing that the Defendants' individual and collective
conduct violated Derek's Federal Constitutional rights, and his rights pursuant to the laws
of the Commonwealth of Pennsylvania;

B. **Compensatory Damages:** Including, but not limited to, the monetary value associated with the following: violations of legal rights, emotional distress, emotional injury, embarrassment, loss of reputation, and related physical injuries;

C. **Punitive damages** as permitted by law;

D. **Equitable Relief:** An admission of the allegations stated in the Complaint, in writing, and an oral and written apology for same, in person, from the Defendants;

E. **Attorney's Fees and Costs**; and

F. **Discretionary Damages and Relief:** Such other financial or equitable relief that the Court deems reasonable and just.

### Jury Trial Demand

Plaintiff respectfully requests a trial by jury on all claims/issues in this matter that may be tried to a jury.

Date: 9/25/23

BY:

Paul C. Siegrist, Esquire
I. D. #209404
Stone, Wiley, & Linsenbach, P.C.
3 N. Baltimore Street
Dillsburg, PA 17019
Tel. 717-432-2089
Fax. 7170432-0158
paul@SWLLawyers.com