IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. NINEHOUSER,                      : | |
|             PLAINTIFF                      : | CIVIL ACTION |
|                                            : | |
|       v.                                   : | |
|                                            : | DOCKET NO. 1:23-cv-01639-CCC |
| JEREMY READ, individually and              : | |
| in his official capacity as an officer for : | |
| Lower Allen Township Police Department;    : | |
|                                            : | JURY TRIAL DEMANDED |
| LOWER ALLEN TOWNSHIP d/b/a                 : | |
| Lower Allen Police Department,             : | JUDGE: Christopher C. Conner |
|             DEFENDANTS                     : | |

## JOINT CASE MANAGEMENT PLAN

Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

{W1663607.1}

1. **Principal Issues**

    **1.1 Separately for each party, please give a statement summarizing this case:**

    **By plaintiff(s):**

    Defendant was tased by Officer Read of the Lower Allen Police Department during an investigatory detention. Plaintiff brings forth a §1983 Excessive Force claim, Malicious Prosecution claim and assault claim against Defendant Read; and a supervisory liability claim against Defendant Lower Allen Township.

    **By defendant(s):**

    Plaintiff was DUI with a BAC of .216. Officer Read attempted to pull him over on suspicion of DUI. Plaintiff disobeyed numerous instructions to remain in his vehicle and, when finally confronted by Officer Read, refused to obey commands or was extremely slow in so doing. After expending extreme patience, Officer Read tasered Plaintiff for not promptly following instructions.

    **1.2 The facts the parties <u>dispute</u> are as follows:**

    Defendant asserts, and believes that Plaintiff denies, that Plaintiff refused to stop his vehicle for lights and sirens, that Plaintiff knowingly disobeyed commands to remain in his vehicle, that Plaintiff knowingly refused to obey numerous lawful commands given by Officer Read, and that those commands given by Officer Read which Plaintiff did obey were obeyed only after repeated instructions and a purposeful delay.

    **<u>agree</u> upon are as follows:**.

    Officer Read of the Lower Allen Police Department was on duty on August 10, 2022. Plaintiff was stopped by Officer Read. Plaintiff was tased by Officer Read. Plaintiff was

{W1663607.1}

arrested by Officer Read. Plaintiff pled guilty to the offense of Driving Under the Influence

**1.3 The legal issues the parties <u>dispute</u> are as follows:**

Whether Officer Read used excessive force thus violating Plaintiff's 4th Amendment Rights under §1983.

Whether Officer Read is liable for Malicious Prosecution.

Whether Lower Allen Township is subject to liability under *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

Whether Officer Read is liability under the state-law claim of assault.

**<u>agree</u> upon are as follows:**

Jurisdiction is proper.

**1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

None**.**

**1.5 Identify any named parties that have not yet been served:**

None.

**1.6 Identify any additional parties that:**

**plaintiff(s) intends to join:** None

**defendant(s) intends to join:** None.

**1.7 Identify any additional claims that:**

**plaintiff(s) intends to add:** None

**defendant(s) intends to add:** None

Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

**2.1 Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

**Disclosed by Plaintiff:**

| Name | Title/Position |
|---|---|
| Joseph A. Ninehouser | Plaintiff/Citizen |

**Disclosed by Defendant:**

| Name | Title/Position |
|---|---|
| Officer Jeremy Read | Defendant |
| Leon Crone | Captain, Lower Allen Twp Police Dept |

{W1663607.1}

**3.0 Early Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
| --- | --- | --- |
| Motion to Dismiss | Defendants | Filed on 11/28/2023 |

**4.0 Discovery**

**4.1 Briefly describe any discovery that has been completed or is in progress:**

**By plaintiff(s):**
None

**By defendant(s):**
None

**4.2 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

Plaintiff will request all video and audio recording of the events on August 10, 2022 referenced in Plaintiff's complaint in the possession of Defendants such as body cam and dash cam recordings.

Plaintiff will request any and all disciplinary records, employment records, and citizen complaints of Defendant Read.

Plaintiff will depose Defendant Read to learn about his background and training; about his reasons for using the force employed by him; about his disciplinary record; and his two internal affairs investigations against him.

Plaintiff will depose agent(s) of Defendant Lower Allen about its training requirements of its Officers, its internal review and evaluation policies of its Officers; and how it handles complaints lodged by citizens against its Officers.

Defendant will depose Plaintiff to identify the reasons he refused to obey commands and to understand the nature and extent of his damages, distress, etc.

Defendant will depose any and all witnesses plaintiff intends to call at the time of trial.

**4.3    Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

None at this time.

**4.4    Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:**

None at this time.

**4.5    For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

**4.5.1  depositions (excluding experts) to be taken by:**

**plaintiff(s): 5**          **defendant(s): 5**

**4.5.2 interrogatories to be served by:**

**plaintiff(s): 25**         **defendant(s): 25**

**4.5.3 document production requests to be served by:**

**plaintiff(s): 10**         **defendant(s): 10**

**4.5.4 requests for admission to be served by:**

**plaintiff(s): 5**          **defendant(s): 5**

**4.6 Discovery of Electronically Stored Information**

\_\_\_\_ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

\_\_\_\_ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0 Protective Order**

{W1663607.1}

**5.1     If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

Plaintiff intends to seek discovery of sensitive, and personal, information concerning police practices, procedures, and policies. Plaintiff will seek sensitive personal information about Defendant Read, in the form of his personnel file. All such information must be safeguarded, as disclosure would violation of Officer Read's privacy rights, and also because disclosure of police practices, training, and procedures could potentially compromise public safety.

**5.2     If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

Plaintiff has reason to believe Defendant Lower Allen Township possesses information about Defendant Read that will show Defendant Lower Allen Township knew or should have known Defendant Read acted outside of the standards of police practices, procedures and policies before August 10, 2022 and failed to take any remedial measures.

{W1663607.1}

**6.0 Scheduling**

    **6.1**    **Final date for joining additional parties:**

        12/15/2023    **Plaintiff(s)**

        **Defendants(s)**

    **6.2**    **Final date for amending pleadings:**

        **Plaintiff(s)**

        **Defendants(s)**

    **6.3**    **All fact discovery commenced in time to be completed by:**

    5/1/24

    **6.4**    **All potentially dispositive motions should be filed by:**

    7/3/24

**6.5 Reports from retained experts due:**

    **from plaintiff(s) by:**    5/1/24

    **from defendant(s) by: 6/5/24**

    **6.6**    **Supplementations due:6/20/24**

    **6.7**    **All expert discovery commenced in time to be completed by:6/20/24**

**6.8   This case may be appropriate for trial in approximately:**

400 Days from the filing of the action in this court

**6.9   Suggested Date for the final Pretrial Conference:**

November 2024 **(month/year)**

**6.10   Trial**

**6.10.1 Suggested Date for Trial:**

January 2025 **(month/year)**

**7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)**

**I hereby certify that the following individual(s) have settlement authority.**

For Plaintiff:       Joseph A. Ninehouser
                     c/o Paul C. Siegrist, Esq.
                     3 N. Baltimore Street
                     Dillsburg, PA 17019
                     717-4322089

For Defendant:       Stephanie L Crouch
                     Claims Specialist
                     EMC Insurance Companies
                     C/o Benjamin P. Novak
                     1860 Charter Ln. Ste 201
                     Lancaster, PA 17603
                     717-696-0551

{W1663607.1}

**8.0   Alternative Dispute Resolution ("ADR")**

    **8.1**   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

    **ADR procedure:** none

    **Date ADR to be commenced:**

    **Date ADR to be completed:**

    **8.2**   If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    **8.3**   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**Defendants stridently deny liability and believe that this was a completely justifiable use of force, resorted to only after Officer Read demonstrated extreme patience and judgment and plaintiff demonstrated a persistent refusal to obey and/or deliberate slowness in obeying commands.**

**Plaintiff strongly believes that the force used by Defendant Read was unjustified and excessive and Defendant Lower Allen Township failed to properly train, retrain and/or discipline Defendant Read and is liable for Defendant Read's conduct under <u>Monell</u>.**

**9.0   Consent to Jurisdiction by a Magistrate Judge**

**Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**

**All parties agree to jurisdiction by a magistrate judge of this court:**

No.

**10.0    Other Matters Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.**

**11.0    Identification of Counsel**

**Counsel shall be registered users of the court=s Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.**

**Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.**

11/29/2023            Paul C. Siegrist, Esquire, Attorney for Plaintiff

{W1663607.1}

                ___X__ ECF User

11/29/23       Benjamin P. Novak, Esquire, Attorney for Defendants.

                ___X__ ECF User

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

| For Plaintiff | For Defendants |
|---|---|
| *Paul C. Siegrist, Esq.* | *Benjamin P. Novak* |
| Paul C. Siegrist, Esquire | Fowler, Hirtzel, McNulty & Spaulding, LLP |
| Stone, Wiley & Linsenbach, P.C. | Gregory S. Hirtzel |
| 3 North Baltimore Street | Attorney ID No. 56027 |
| Dillsburg, PA 17019 | Benjamin P. Novak |
| (717) 432-2089 | Attorney ID No. 326182 |
| paul@swllawyers.com | 1860 Charter Lane, Suite 201 |
| | Lancaster, PA 17601 |
| | (717)-696-0551 |
| | bnovak@fhmslaw.com |
| | ghirtzel@fhmslaw.com |