

1860 Charter Lane
Suite 201
Lancaster, PA 17601-5865
P (717) 553-2600
www.fhmslaw.com

Benjamin P. Novak
Associate
Direct Dial: (717) 696-0551
Cell: (814) 769-0846
Fax: (717) 229-1239
E-mail: bnovak@fhmslaw.com

December 8, 2023

*__VIA ECF ONLY__*

The Honorable Christopher C. Conner
Middle District of Pennsylvania

      **RE:**    **Joseph Ninehouser v. Jeremy Read, et al.**
             **Docket No.: 1:23-CV-1639**

Dear Judge Conner,

As discussed in the recent case management conference, the undersigned parties have agreed to, and executed, the attached confidentiality order. We hereby submit it to the Court for consideration.

Very truly yours,

Benjamin Novak
Enclosure

cc:     Pual C. Siegrist, Esquire (via ECF)

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. NINEHOUSER<br><br>               Plaintiff,<br><br>     v.<br><br>JEREMY READ, individually and in his official capacity as an officer for Lower Allen Township Police Department and LOWER ALLEN TOWNSHIP d/b/a Lower Allen Police Department<br><br>               Defendants. | **CIVIL ACTION - LAW**<br><br>**NO. 1:23-CV-1639**<br><br>**JURY TRIAL BY 12 DEMANDED** |

## <u>CONFIDENTIALITY ORDER</u>

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation executing this Discovery Confidentiality Order (the "Order"), and any third-party upon whom a copy of this Order is served and who signs a Non-Disclosure Agreement in the form attached hereto as Exhibit "A", shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains information not generally available to the public, the confidentiality of which is necessary to maintain public order, to include, without limitation, policies, manuals, procedures, trainings, evaluations, witness identities, investigations and/or

(b) that contains private or confidential personal information, and/or (c) that contains information received in confidence from third parties, and/or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1) of the Federal Rules of Civil Procedure, and/or other applicable law (collectively, "Confidential Material"). Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential Material including, without limitation, any information, document, thing, data, metadata, interrogatory answer, response to a document demand, deposition, transcript, admission, pleading, and/or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"). Responses to interrogatories, document demands, and requests for admissions; materials not reduced to documentary, tangible, or physical form; and/or any other material which cannot be conveniently designated and/or marked in accordance with this paragraph shall be sufficiently designated by the producing party, in writing, in a manner that clearly identifies what materials and/or portion thereof are so designated.

2. All Confidential Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any other business, commercial, competitive, personal or other

purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

3. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. The parties. In the case of parties that are corporations, other business entities, and/or governmental units "party" shall mean members of the organization's litigation control group and/or any other individuals required to participate in decisions with reference to this lawsuit;

c. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a Non-Disclosure Agreement in the form attached hereto as Exhibit "A";

d. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

e. The Court and Court personnel;

f. Any deponent may be shown or examined on Confidential Material if it appears that the witness authored or received a copy of it, was involved in the

subject matter described therein, and/or is employed by the party who produced the Confidential Material, or if the producing party consents to such disclosure, provided the deponent has signed a Non-Disclosure Agreement in the form attached hereto as Exhibit "A";

g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such Confidential Material; and

4. Confidential Material shall be used only by individuals permitted access to it under Paragraph 3. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality voluntarily, intelligently, and intentionally waives the claim of confidentiality in a signed writing, or (b) the Court orders such disclosure.

5. With respect to any depositions that involve a disclosure of Confidential Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be

extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 3. Nothing in this Discovery Confidentiality Order shall be construed as prohibiting the right of a party or, if an entity party, a party's representative, from attending a deposition in this matter.

6. If counsel for a party receiving Confidential Material hereunder objects to a designation of any or all of such Confidential Material, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents and/or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document and/or information is Confidential. If no

timely written response is made to the objection, the challenged designation will be deemed void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential designation of documents and/or information cannot be resolved by agreement, the party objecting to the designation shall present the dispute to the Court initially by telephone or letter, if permitted by the Court, before filing a formal motion for an Order regarding the challenged designation. The document and/or information that is the subject of the filing shall be treated as Confidential Material pending resolution of the dispute.

7. All requests to seal documents filed with the Court shall comply with the Federal Rules of Civil Procedure and any applicable Orders of Court.

8. If the need arises during trial, in any application, and/or at any hearing before the Court for any party to disclose Confidential Material, it may do so only after giving notice on motion to the producing party and all parties to this action and as directed by the Court.

9. The inadvertent disclosure of Confidential Material that should have been designated as such, regardless of whether such Confidential Material was so designated pursuant to this Order at the time of its disclosure, shall not be deemed a

[W1663740.1]

waiver in whole or in part of any party's claim of confidentiality, either as to the specific Confidential Material disclosed, or as to any other Confidential Material concerning the same or related subject matter. Such inadvertent disclosure may be rectified by notifying in writing counsel for all parties to whom Confidential Material was disclosed that same should have been designated Confidential at any time after disclosure. Such notice shall constitute a proper designation of same as Confidential Material pursuant to this Order.

10. When the inadvertent or mistaken disclosure of any Confidential Material protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity, pursuant to Federal Rule of Evidence 502(d) or otherwise. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege or work-product immunity if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

11. No information that is in the public domain, or which is already known by the receiving party through proper means, or which is or becomes available to a party

from a source other than the party asserting confidentiality rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material under this Order.

12. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification of, or for relief from, any of its terms.

13. This Order shall survive the termination of the above-captioned action and shall remain in full force and effect unless modified by an Order of this Court, or by the written stipulation of the parties filed with the Court.

14. Upon final conclusion of this litigation, each party or other individual subject to the terms of this Order shall be under an obligation to assemble and to return to the originating source, or alternatively to destroy, all originals and unmarked copies of Confidential Material, including that containing and/or constituting attorney work product as well as excerpts, summaries and digests revealing Confidential Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a party requests the return of Confidential Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all

related proceedings, the party shall file a motion seeking such relief.

15. This Order represents the entire agreement between the parties, and supersedes and cancels all prior agreements and understandings, whether oral and/or written, related to its specific subject matter. This Order shall not be deemed modified or waived, except by a writing executed by counsel for the parties.

IT IS SO ORDERED

Dated: _____          _____, J.


**We hereby consent to the form and entry of the within Discovery Confidentiality Order:**

| For Plaintiff | For Defendants |
|---|---|
| *Paul C. Siegrist, Esq.* | *By P. Nol* |
| _____ | _____ |
| Stone, Wiley & Linsenbach, P.C. | Fowler, Hirtzel, McNulty & Spaulding, LLC |
| Paul C. Siegrist, Esquire | Gregory S. Hirtzel |
| 3 North Baltimore Street | Attorney ID No. 56027 |
| Dillsburg, PA 17019 | Benjamin P. Novak |
| (717) 432-2089 | Attorney ID No. 326182 |
| paul@swllawyers.com | 1860 Charter Lane, Suite 201 |
| | Lancaster, PA 17601 |
| | (717)-696-0551 |
| | bnovak@fhmslaw.com |
| | ghirtzel@fhmslaw.com |

**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

JOSEPH A. NINEHOUSER

             Plaintiff,

      v.

JEREMY READ, individually and in his
official capacity as an officer for Lower
Allen Township Police Department and
LOWER ALLEN TOWNSHIP d/b/a
Lower Allen Police Department

            Defendants.

**CIVIL ACTION - LAW**

**NO. 1:23-CV-1639**

**JURY TRIAL BY 12 DEMANDED**

<u>**EXHIBIT "A" - NON-DISCLOSURE AGREEMENT TO BE BOUND BY DISCOVERY
CONFIDENTIALITY ORDER**</u>

I,_____, being duly sworn, declare that:

1.  My address is _____.

2.  The     name     and     address     of     my     present     employer     are

    _____.

3.  My present occupation or job description is _____.

4.  I have carefully read and understood the provisions of the attached Discovery Confidentiality
    Order in this case signed by the Court, which is incorporated by reference herein, and I will
    comply with all provisions of the Discovery Confidentiality Order.

5.  I will hold in confidence and not disclose to anyone not qualified under the Discovery
    Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices
    of Confidential Material disclosed to me.

6.  I will limit use of Confidential Material disclosed to me solely for purpose of this action.

[W1663740.1]

7.  No later than the final conclusion of the case, I will return all Confidential Material, including summaries, abstracts, and indices thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

      I hereby verify under penalty of perjury that the foregoing statements made by me are true and correct to the best of my knowledge, information, and belief.


DATED:_____            _____
                                              Signature

                                    _____
                                              Print Name & Title