IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH A. NINEHOUSER,** | : | CIVIL ACTION NO. 1:23-CV-1639 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **JEREMY READ** individually and in his official capacity as an officer for **Lower Allen Township Police Department,** and **LOWER ALLEN TOWNSHIP,** d/b/a Lower Allen Police Department, | : | |
| Defendants | : | |

# **ORDER**

AND NOW, this 29th day of July, 2024, upon consideration of the motion (Doc. 10) to dismiss filed by defendants Lower Allen Township and Police Officer Jeremy Read pursuant to Federal Rule of Civil Procedure 12(b)(6) as well as the briefs (Docs. 16, 20) in support thereof, wherein defendants move the court to partially dismiss plaintiff Joseph Ninehouser's amended complaint (Doc. 5) alleging excessive force and malicious prosecution in violation of the Fourth and Fourteenth Amendments (Counts I and II) and common law assault (Count IV) against Officer Read, and further alleging failure to train in violation of the Fourth and Fourteenth Amendments (Count III) against the Township, (see id. ¶¶ 41-79),[1] and wherein

---

[1] The amended complaint alleges that the following events took place on August 10, 2022:  Officer Read initiated a traffic stop after seeing Ninehouser's truck cross a double yellow line and make a wide turn at a "slower than average" speed. (See Doc. 5 ¶¶ 9, 10).  When Ninehouser brought his truck to a stop in the parking lot of an apartment complex and exited his vehicle, Officer Read instructed him to remain inside and close the door.  (See id. ¶¶ 11, 13, 14, 16).  Ninehouser asked why,

defendants argue that (1) Ninehouser's malicious prosecution claim arising from the charge of resisting arrest fails because that charge "stem[s] from the same factual basis as his DUI charge" and thus he "cannot show a favorable termination of the prior criminal charges," (see Doc. 16 at 8-11) (citing, *inter alia*, Bentler v. Nederostek, No. 3:22-CV-1107, 2023 WL 3510822, at *12 (M.D. Pa. May 17, 2023))); (2) Officer Read is entitled to sovereign immunity under the Political Subdivision Tort Claims Act ("PSTCA"), see 42 PA. CONST. STAT. § 8541 *et seq.*, with respect to Ninehouser's assault claim because Ninehouser does not dispute that Officer Read acted within the scope of his duties, (see Doc. 16 at 14-16 (citing, *inter alia*, Franklin v. McGowen, No. 1:17-CV-1593, 2019 U.S. Dist. LEXIS 153149, at *20-22 (M.D. Pa. Sept. 6, 2019))); and (3) Ninehouser's failure-to-train claim is supported only by vague, conclusory allegations, (see id. at 12-14 (citing Brown v. Gap, Inc., No. 1:22-CV-165, 2023 WL 3743134, at *4-5 (M.D. Pa. May 31, 2023))), and further upon consideration of Ninehouser's brief (Doc. 19) in opposition, in which he argues that (1) he has demonstrated favorable termination because the charges of resisting arrest and disorderly conduct were dropped at a preliminary hearing, and the

---

ignored Officer Read's instruction, and walked towards the apartment building. (See id. ¶¶ 17-19).  Officer Read had initially pointed a service pistol in Ninehouser's direction; as Ninehouser approached the building, Officer Read holstered the pistol, drew a taser, and ordered him to put his hands on his head.  (See id. ¶¶ 16, 20). Ninehouser complied, but when he began to turn around pursuant to Officer Read's orders, Officer Read discharged a taser into Ninehouser's lower chest.  (See id. ¶¶ 21-26).  Though Ninehouser "was not under arrest," "did not make any furtive movements[,] and maintained a [calm] demeanor," (id. ¶¶ 28-29), Officer Read charged him with resisting arrest, (id. ¶ 51); see 18 PA. CONS. STAT. § 5104, as well as disorderly conduct and driving under the influence, (see Docs. 19-2, 19-3); see also 18 PA. CONS. STAT. § 5503(a)(4); 75 PA. CONS. STAT. § 3802(a)(1), (b).


elements of those offenses do not overlap with the DUI offense to which he pled guilty, (see id. at 5-6); (2) sovereign immunity is not available because Officer Read engaged in willful misconduct, (see id. at 10 (citing 42 PA. CONS. STAT. § 8550)); and (3) his failure-to-train allegations relate to specific, established standards and policies the absence of which resulted in a constitutional violation, (see id. at 8-9), and the court observing that, in ruling on a motion to dismiss under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief," Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)), and further observing that to maintain a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff must show, *inter alia*, (i) that a criminal proceeding was initiated without probable cause and (ii) that the proceeding ended in their favor, see Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003), and the court noting that the United States Supreme Court recently clarified that "bringing . . . one valid charge" against a defendant does not "categorically preclude" a malicious prosecution claim arising from another, allegedly baseless charge, see Chiaverini v. City of Napoleon, 602 U.S. ___, 144 S. Ct. 1745, 1751 (2024), and further noting that a withdrawn charge generally is sufficient to establish favorable termination at the motion to dismiss stage, see, e.g., Piazza v. Lakkis, No. 3:11-CV-2130, 2012 WL 2007112, at *9 (M.D. Pa. June 5, 2012), and also noting that while Commonwealth employees are immune from liability even for intentional torts, local or municipal employees lose their immunity defense

if their actions constitute a "crime, actual fraud, actual malice or willful misconduct," see 42 PA. CONS. STAT. § 8550; Yakowicz v. McDermott, 548 A.2d 1330, 1333-34 (Pa. Cmwlth. Ct. 1988), appeal denied, 565 A.2d 1168 (Pa. 1989); Sanford v. Stiles, 456 F.3d 298, 315 (3d Cir. 2006) (*per curiam*), and further noting that failure-to-train claims may be maintained when a particular violation of rights is the "highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations," Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 409 (1997), so long as the complainant "identif[ies] a custom or policy and specif[ies] what that custom or policy was," McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009) (citing Phillips, 515 F.3d at 232), and it appearing that defendants erroneously rely upon a narrow understanding of malicious prosecution claims,[2] and that Ninehouser adequately asserts that Officer Read engaged in willful misconduct by intentionally using excessive force, (see Doc. 5 ¶¶ 76-77), which would foreclose his immunity defense, see, e.g., Ickes v. Grassmeyer, 30 F. Supp. 3d 375, 400 (W.D. Pa. 2014) (intentional or knowing use of excessive or unnecessary force defeats PSTCA immunity) (citing, *inter alia*, Renk

---

[2] Defendants frame their case for dismissal around the "favorable termination" element of a malicious prosecution claim. (See Doc. 16 at 8-11 (citing, *inter alia*, Bentler, 2023 WL 3510822, at *4-5 (citations omitted))). But their arguments do not address Ninehouser's allegation that his resisting arrest and disorderly conduct charges were dropped, which is central to that element. (See Doc. 5 ¶¶ 54-55; Doc 9 at 3). Their arguments—that those charges were "included on the same criminal complaint" and "stem from the same factual basis as his DUI charge," (see Doc. 16 at 10-11)—do not bear upon the question of favorable termination. These are probable cause considerations, which are unavailing in any event. See Chiaverini, 144 S. Ct. at 1751 ("One bad charge, even if joined with good ones, was enough to satisfy . . . 'without probable cause' element.").

v. City of Pittsburgh, 641 A.2d 289, 293-94 (Pa. 1994)), but it also appearing that the amended complaint broadly invokes model policies *in toto*, referencing general "minimum industry standards" related to accreditation and "proper training," (see Doc. 5 ¶¶ 59-67), without identifying any specific tools, skills, methods, or paradigms contemplated therein and without tying the absence of particular policies or training standards to the harms Ninehouser allegedly suffered, cf. Thomas v. Cumberland County, 749 F.3d 217, 225 (3d Cir. 2014) (citing Bryan Cnty., 520 U.S. at 409 (requiring plausible averment that specific injuries were "highly predictable consequence" of existing policies or lack thereof)), and the court concluding that defendants' motion lacks merit insofar as they seek to dismiss Ninehouser's malicious prosecution and assault claims, but that Ninehouser does not plausibly allege his injuries resulted from the Township's failure to train Officer Read, and that this latter claim should be dismissed without prejudice to Ninehouser's ability to cure the factual deficiency identified herein, see FED. R. CIV. P. 15(a)(2) (directing courts to "freely give leave when justice so requires"), it is hereby ORDERED that:

1. Defendants' motion (Doc. 10) to dismiss is GRANTED in part. Count III of the amended complaint (Doc. 5) is DISMISSED for failure to state a claim and without prejudice. The motion is DENIED in all other respects.

2. Ninehouser is granted leave to file a second amended complaint within 21 days of the date of this order. In the absence of a timely filed second amended complaint, the above-captioned action shall proceed on the remaining claims only.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania